UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BARDEN d/b/a FAST LANE AUTO,<br><br>         Plaintiff,<br><br>    v.<br><br>PAUL GOODSELL & XANTHE GOODSELL d/b/a P&X AUTO TRANSPORT; GREGORY SCHENK SR.; GREGORY SCHENK JR.; and SHEILA SHENK,<br><br>         Defendants. | Case No. 4:21-cv-00089-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff John Barden's Motion for Leave to Amend Complaint ("Motion to Amend").[1] Dkt. 46. Defendants Paul and Xanthe Goodsell d/b/a P&X Auto Transport have not filed a response to the Motion to Amend and the deadline for doing so has passed.[2]

Having reviewed the record, the Court finds that the facts and legal argument are

---

[1] Barden has also filed a Motion to Dismiss Defendants Paul and Xanthe Goodsell's counterclaims (Dkt. 38), and recently filed a Motion to Compel Discovery (Dkt. 48). The Court will issue a separate order on the Motion to Dismiss and will take up the Motion to Compel once it has been fully briefed.

[2] Gregory Schenk Sr. ("Schenk Sr.") was dismissed as a defendant in this action pursuant to the Court's December 15, 2021 Memorandum Decision and Order. Dkt. 36. Barden has apparently settled his claims with Greg Schenk Jr. and Sheila Schenk ("JR and Sheila Schenk"), and omits his claims against them in his proposed Amended Complaint.

MEMORANDUM DECISION AND ORDER - 1

adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion to Amend on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court will GRANT the Motion.

## II. BACKGROUND[3]

Plaintiff John Barden sells cars through his New York business, "Fast Lane Auto." Beginning in 2012, Barden engaged "P&X Auto Transport," a business belonging to Defendant Paul Goodsell (hereinafter "Goodsell") and his wife, Xanthe Goodsell, to transport vehicles Barden bought at auctions in Idaho and other western states and deliver them to Fast Lane Auto in New York. In 2014, Goodsell offered to sell Barden a Peterbilt semi-truck and accompanying Delavan trailer for transporting vehicles. Barden and Goodsell orally agreed to a purchase price of $30,000.00, subject to Barden's ability to obtain financing.

Barden was unable to obtain financing because the Peterbilt and Delavan were titled in the name of "Cherry Creek Transport Inc.," rather than under Goodsell or P&X Auto's name. When Barden was unable to obtain third-party financing, he and Goodsell agreed that Barden would instead make periodic wire transfers to Goodsell to purchase the Peterbilt and Delavan. Barden ultimately wired a total of $6,000.00 to Goodsell.

---

[3] The following facts are taken from Barden's initial Complaint (Dkt. 1) and, where relevant to the instant Motion to Amend, from the proposed Amended Complaint (Dkt. 47-2).

On April 23, 2014, Barden purchased a 2002 Dodge 2500 pickup bearing VIN 3B7KF23C22M274292 ("2002 Dodge") from a vehicle auction in Nampa, Idaho. On July 7, 2014, Barden purchased a 1991 Dodge D250 pickup truck bearing VIN 1B7KM2687MS245765 ("1991 Dodge") located in Logan, Utah. Barden retained Goodsell and P&X Auto Transport to collect the 2002 Dodge and 1991 Dodge and transport them to Fast Lane Auto.

In June 2014, Barden and Goodsell agreed to a trade in lieu of a straight cash transaction for Barden's purchase of the Peterbilt and Delavan. Under the terms of this new deal, Barden would trade the 2002 Dodge and $20,000.00 for the Peterbilt and Delavan. On July 25, 2014, Barden mailed the unsigned Idaho title to the 2002 Dodge to Goodsell as collateral, with the express understanding that Barden would sign the title over to Goodsell once Goodsell delivered the Peterbilt, Delavan, and 1991 Dodge to Fast Lane Auto. However, Barden and Goodsell continued to negotiate the details of their arrangement until February of 2015.

In January 2015, Barden sent an unexecuted document memorializing the terms of what he believed was the final agreement for his purchase of the Peterbilt and Delavan. Goodsell did not execute this document or propose any modifications to it. By April 2015, it became clear to Barden that Goodsell would not consummate the agreement. Thus, on April 1, 2015, Barden, through his attorney, demanded the return of his $6,000.00 in wire transfer payments, as well as the return of the 2002 Dodge and 1991 Dodge. On or about April 10, 2015, Barden obtained an Idaho duplicate title to the 2002 Dodge, making the unsigned copy of the title held by Goodsell invalid.

MEMORANDUM DECISION AND ORDER - 3

On April 29, 2015, Barden's attorney sent another demand for the return of Barden's funds and both trucks. Goodsell ignored the demands and, on or about May 12, 2015, sold the Peterbilt to Laramie Goodsell—a third party. On June 2, 2016, Barden brought a civil suit against Goodsell in the Sixth Judicial District of Idaho, Franklin County, captioned *John Barden v. Paul Goodsell*, Docket No. CV-2016-194 ("State Court Action"). Barden asserted claims for breach of contract, unjust enrichment, conversion of the two Dodge trucks and his funds, and fraud in connection with the wire transfers. On June 26, 2017, the Honorable Mitchell Brown dismissed Barden's claims when Barden failed to appear for trial.

Following the dismissal of the State Court Action, Goodsell and his wife, Xanthe Goodsell (collectively the "Goodsell Defendants") did not return Barden's funds or the Dodge trucks, and instead altered an earlier draft contract between Barden and Goodsell and forged Barden's signature on it. This "sham contract" purported to be a trade between Barden and Xanthe Goodsell, in which Barden traded the 2002 Dodge and $20,000.00 in exchange for the Peterbilt (which the Goodsell Defendants had already sold to Laramie Goodsell) and the Delavan. The Goodsell Defendants also fraudulently altered the unsigned (and invalid) title to the 2002 Dodge that Barden had mailed to Goodsell in 2015, to make it appear as though the title to the 2002 Dodge had been transferred to them.

The Goodsell Defendants then presented the sham contract and altered title to the 2002 Dodge to JR and Sheila Schenk and sold them the 2002 Dodge. On February 23, 2018, JR and Sheila Schenk brought the sham contract and altered title to the Utah State Division of Motor Vehicles, and obtained a Utah title to the 2002 Dodge in their names.

MEMORANDUM DECISION AND ORDER - 4

Barden alleges that he discovered the Goodsell Defendants' fraud in December 2020, after running a public records search on the 2002 Dodge.

## A. Procedural History

Barden filed the instant lawsuit on February 23, 2021. Dkt. 1. Against the Goodsell Defendants, Barden brought claims for civil fraud, violation of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961(1), conversion and detinue, and replevin and conversion. Barden also alleged a civil RICO claim against Schenk Sr., and claims for replevin and conversion against JR and Sheila Schenk. The Court ultimately dismissed Barden's RICO claims against the Goodsell Defendants and Schenk Sr., and also dismissed Shenk Sr. as a defendant.[4]  Dkt. 36. This left Barden with claims for replevin and conversion against JR and Sheila Shenk, and claims for fraud, conversion, detinue, and replevin against the Goodsell Defendants.[5]

The Court thereafter entered a Scheduling Order, setting a deadline of January 3, 2022 for amendment of pleadings and joinder of parties. Dkt. 34, at 2. While the Court later extended some of the dates in the Scheduling Order pursuant to a stipulation by the parties, it did not extend the deadline for amendment or joinder. Dkt. 40.

However, on September 7, 2022, Barden filed the instant Motion to Amend based on new information he recently discovered. Specifically, through an August 19, 2022

---

[4] The Court dismissed Barden's RICO claim against the Goodsell Defendants without prejudice, and allowed Barden thirty days to amend his Complaint in order to assert a plausible RICO claim. He did not do so and there are no longer any RICO claims at issue.

[5] In addition to removing his claims against JR and Sheila Schenk, Barden's proposed Amended Complaint omits Barden's detinue claim against the Goodsell Defendants, and adds claims for civil fraud, conversion, and replevin against Rawlins. Dkt. 47-2.

subpoena to the Utah State Department of Taxation, Motor Vehicles Division ("Utah DMV"), Barden learned that on or about June 3, 2020, the Goodsell Defendants sold the 1991 Dodge to a family friend, Zachary Bryce Rawlins of Utah. Barden alleges that Rawlins, in turn, submitted fraudulent paperwork to the Utah DMV, stating he had lost or misplaced the title to the 1991 Dodge. The legitimate title to the 1991 Dodge instead remains in Barden's possession. Barden alleges that based upon Rawlins fraudulent representation to the Utah DMV, Rawlins was apparently able to obtain an invalid Utah title to the 1991 Dodge.

Barden suggests Rawlins is a necessary party without whom he cannot obtain complete relief, and seeks leave to amend in order to add Rawlins as a defendant, as well as to add the allegations about the sale of the 1991 Dodge to Rawlins to his claims against the Goodsell Defendants. As noted, the Goodsell Defendants have not responded to Barden's Motion to Amend.

### III. LEGAL STANDARD

Where, as here, the Court's deadline for amending pleadings and joining parties has passed, a party seeking leave to amend his complaint must show "good cause" for amendment pursuant to Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609. Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reason for seeking amendment. *Id*. "If that party was not diligent, the inquiry should end." *Id*.

MEMORANDUM DECISION AND ORDER - 6

If a party seeking amendment establishes good cause pursuant to Rule 16(b), that party must then demonstrate that amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608. Rule 15(a)'s liberal amendment policy focuses on prejudice to the opposing party and the bad faith, if any, of the party seeking leave to amend. *Johnson*, 975 F.2d at 609.

### III. ANALYSIS

Barden seeks leave to amend his Complaint, to add Rawlins as a defendant, and to amend the Scheduling Order in order to allow adequate time for discovery. Dkt. 47, at 2. In support of his Motion to Amend, Barden contends he only recently learned about the Goodsell Defendants' transfer of the 1991 Dodge to Rawlins through his subpoena to the Utah DMV. Prior to obtaining documents from the Utah DMV, Barden issued requests for production to the Goodsell Defendants, seeking, *inter alia*, all documents concerning the 1991 Dodge, and all documents regarding any payments the Goodsell Defendants had received for the 1991 Dodge. Dkt. 48-1, at 8. As of September 30, 2022, the Goodsell Defendants had not produced *any* documents in response to Barden's requests for production. *Id*. at 1–2.

Well before the November 2, 2022 deadline for discovery, Barden sought information regarding the 1991 Dodge from the Goodsell Defendants, and also subpoenaed title information for the 1991 Dodge from the Utah DMV. Barden's diligence in seeking information regarding the 1991 Dodge, together with the Goodsell Defendants' failure to produce such information, is sufficient to demonstrate good cause under Rule 16(b). *Blumenfeld Dev. Grp., Ltd. v. Sadlerstone, LLC*, 2022 WL 3161687, at *4 (S.D. Cal. Aug. 8, 2022).

MEMORANDUM DECISION AND ORDER - 7

The Court next considers whether Barden has shown that amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608. Rule 15 mandates leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party by virtue of allowing amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("*Foman* factors"). Of the *Foman* factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, the Goodsell Defendants have not only failed to articulate any prejudice, but have also failed to respond—either through an opposition or a notice of non-opposition—to Barden's Motion to Amend. *See* Dist. Idaho Loc. Civ. R. 7.1(a)(5) (requiring that a party who does not oppose a motion must immediately so notify the Court). Under Idaho Local Rules, if a party elects not to file a response to a moving party's motion, "such . . . may be deemed to constitute a consent to the . . . granting of said motion." Dist. Idaho Loc. Civ. R. 7.1(e)(1). Further, in the absence of any identified prejudice to the Goodsell Defendants, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

No factor weighs against the aforementioned presumption. Barden has not delayed in seeking amendment, has not illustrated any bad faith or dilatory motive, and has not previously amended his Complaint. Nor can the Court find that amendment would be futile. Given the Court's analysis regarding conversion in its December 15, 2021 Memorandum Decision and Order, Barden may state a claim for conversion against even an innocent purchaser of converted property, and each time stolen property is transferred to a new possessor, a new tort or act of conversion occurs.[6] Dkt. 36, at 16–21. As such, it would not be futile for Barden to amend in order to include his allegations regarding the sale of the 1991 Dodge to Rawlins, or to add Rawlins as a defendant.

In short, given Barden's diligence and the lack of prejudice to the Goodsell Defendants, the Court finds good cause to grant Barden's Motion to Amend under Rule 16(b). "Absent prejudice, or a strong showing with respect to the remaining *Foman* factors," leave to amend is also appropriately granted pursuant to Rule 15(a). *Eminence Capital*, 316 F.3d at 1052. Far from a "strong showing," the Goodsell Defendants have not made *any* showing to suggest leave to amend should be denied.

///

///

///

///

///

///

---

[6] In their prior Motion to Dismiss, the Goodsell Defendants did not address Barden's fraud claim. The Court accordingly has not assessed whether Barden can state a claim for fraud.

## IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Barden's Motion to Amend (Dkt. 46) is **GRANTED**;

2. Given the pending Motion to Dismiss and Motion to Compel, as well as the addition of a new Defendant Barden will need to serve, the Court will hold all remaining case deadlines in **ABEYANCE**, to be reset upon resolution of the pending motions.

DATED: October 20, 2022

David C. Nye
Chief U.S. District Court Judge